**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL CASE NO. 22-12-DLB-CJS**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**VS.**                **MEMORANDUM ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

**BYRON BURNETT**                                                         **DEFENDANT**

**IN RE: Third–Party Petition of Burnett Family Investments, LLC**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the United States' Motion for Summary Judgment (Doc. # 84) regarding a third-party claim for forfeited property, filed by Tameka Burnett ("Tameka"), on behalf of Burnett Family Investments, LLC.[1] (Doc. # 68). Pursuant to 28 U.S.C. § 636(b), and consistent with local practice, the Motion was referred to Magistrate Judge Candace J. Smith for the purpose of reviewing and preparing a Report and Recommendation ("R&R"). After reviewing the issues raised in the Motion, Judge Smith issued an R&R (Doc. # 111) wherein she recommends that the Motion be granted. (*See id.*). Petitioners filed Objections (Doc. # 112), the United States did not respond, and this matter is ripe for review. For the following reasons, Petitioners' Objections are **overruled**, the R&R is **adopted** as the Opinion of the Court, and the Motion for Summary Judgment is **granted**.

---

[1] Tameka and Burnett Family Investments, LLC will be referred to collectively as "Petitioners."

1

I.     **FACTUAL BACKGROUND**

This matter arises out of the criminal investigation and prosecution of Byron Burnett ("Defendant"). On December 2, 2021, Defendant's residence was searched pursuant to a valid search warrant. (*See* Doc. # 37). While executing the warrant, agents recovered $100,801.00 in United States currency, a money counter, and a ledger. (*Id.*). Among the cash, agents recovered five $100 bills, which law enforcement had given to a confidential informant in order to conduct a controlled drug buy. (*Id.*). Defendant was indicted on various charges related to possession with intent to distribute fentanyl on February 10, 2022. (Doc. # 13). On April 26, 2022, Defendant pled guilty to conspiracy to distribute and possess with intent to distribute a controlled substance, and distribution of a controlled substance. (Doc. # 36).

On June 24, 2022, this Court, at the United States' request and pursuant to a Plea Agreement (Doc. # 37), entered a Preliminary Judgment of Forfeiture with respect to the currency recovered at Defendant's residence. (*See id.*). In the Preliminary Judgment of Forfeiture, this Court determined that the property was subject to forfeiture pursuant to 21 U.S.C. § 853 and ordered that the government provide notice to any persons who might have an interest in the forfeited property. (*Id.*).

On July 6, 2022, Petitioners filed a Petition alleging an ownership interest in the seized currency. (Docs. # 45 and 63). Petitioners argued that the funds seized from Defendant's residence were actually the undeposited cash proceeds from Petitioners' business, Burnett's Soul Food. (Docs. # 45 and 63). At the time of his arrest, Defendant was employed by Burnett's Soul Food as its manager of operations and Tameka was its Chief Operating Officer. (Doc. # 68 ¶ 8). Petitioners allege that Tameka, in her role as

Chief Operating Officer, kept some of the cash proceeds of Burnett's Soul Food at Defendant's residence. (*Id.*). Petitioners argue that this practice created a bailor-bailee relationship between Petitioners and Defendants. (*Id.*). Thus, the forfeited currency should be returned to Petitioners because they hold the superior title. (*Id.*). The United States and Petitioners conducted discovery with respect to the third-party petition. The United States now moves for Summary Judgment in its favor. (Doc. # 84).

## II.    REPORT AND RECOMMENDATION

After summarizing the procedural background and the governing legal standards (Doc. # 111 at 8), Judge Smith analyzed the United States' and Petitioners' arguments. (*Id.* at 8–27). Ultimately, Judge Smith concluded that the United States demonstrated that there was no issue of material fact as Petitioners "ha[d] not produced evidence on which a factfinder could reasonably find in [their] favor," and summary judgment in favor of the United States was warranted. (*Id.* at 26). The three primary reasons for her conclusion were: (1) the factual circumstances of this case do not support Petitioners' argument that the cash found in Defendant's residence was undeposited cash proceeds from Burnett's Soul Food; (2) Petitioners' financial records are inconsistent with their assertion that they were able to save over $100,000 of cash; and (3) the Petitioners' tax returns "blatantly contradict" the claims that the restaurant produced enough profit in 2020 to 2021 to have over $100,000 of undeposited cash proceeds. (*Id.* at 27). Based on the tax returns, the financial records, and the surrounding facts and circumstances, Judge Smith recommended that the United States' Motion be granted.

### A.  Financial Records and Tax Returns

Judge Smith began her analysis by looking at Petitioners' point-of-sale records (the "Clover records"), for 2020 and 2021. (*Id.* at 16). The Clover records showed that the restaurant produced cash sales of $307,375.43 in 2021 and 2022. (*Id.*). Judge Smith then subtracted $120,200.00 in labor expenses for 2021 and 2022, which Tameka reported were paid in cash, from the total cash sales. (*Id.*). Then, Judge Smith subtracted $88,772.00, which represents the total amount of cash deposited into Petitioners' Chase Bank account and the $500 of buy-money found with the rest of the cash at Defendant's apartment. (*Id.* at 17). This left $98,406.43 of undeposited cash, an amount which already falls short of the $100,301 found in Defendant's apartment. (*Id.*). Judge Smith then went on to note that if "the Court accounts for the cash Tameka stated was occasionally used to purchase food and other inventory, the amount of cash proceeds that could possibly be left at the end of 2021 dwindles further." (*Id.*).

Judge Smith also looked at Petitioners' tax returns for 2020 and 2021. (*Id.*). The 2020 returns reflect a profit of $7,323. (*Id.*). The 2021 returns reflect of loss of $23,283. (*Id.*). Judge Smith noted that the meager profit in 2020 and the loss in 2021 reflected Burnett's Soul Food's various operation costs. (*Id.*). "These are expenses one would expect from a small business and that would explain the overall loss between the two years, but the expenses and resulting reported loss also contradict the assertion that the business had saved in excess of $100,000 in cash proceeds." (*Id.* at 16–17).

### B.  The Surrounding Facts and Circumstances

Judge Smith also looked at the facts and circumstances surrounding this case, and based on them concluded that "Petitioners' assertions about the source of the

4

currency are not 'supported by the circumstances under which the money was seized.'" (*Id.* at 23 (quoting *United States v. Hernandez-Escobar*, 911 F.3d 952, 957 (9th Cir. 2018))).

In the same bedroom where police found the $100,801.00 in cash (including the $500 in marked buy money), police found a ledger containing customer names and debts owed. (*Id.* at 23). In the kitchen police found a money counter, and in Defendant's car police found a digital scale and marijuana. (*Id.*). Tameka's residence was also searched, and police found hundreds of fentanyl pills, a revolver, a scale, and marijuana. (*Id.*). Finally, Defendant admitted that "at least a portion of the cash seized from his apartment was proceeds of drug trafficking and/or used to facilitate drug trafficking." (*Id.* quoting Doc. # 37 ¶ 4). Looking at these facts Judge Smith concluded that "Petitioners' assertions about the source of the currency are not 'supported by the circumstances under which the money was seized.'" (*Id.* quoting *Hernandez-Escobar*, 911 F.3d at 957).

### III.   ANALYISIS

#### A. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion." Under Federal Rule of Criminal Procedure 59(b)(2), following a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendations." The district judge is required to "consider de novo any objection to the magistrate judge's recommendation," and "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3); *see also* 28

5

U.S.C. § 636(b)(1)(C). Failure to object is considered a waiver of the party's right to review. Fed. R. Crim. P. 59(b)(2).

The purpose of objections is to allow "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Therefore, objections to the R&R must be specific, they may not be "vague, general, or conclusory . . . [as such objections are] tantamount to a complete failure to object." *Fields v. Lapeer 71-A District Court Clerk*, F. App'x 481, 482–83 (6th Cir. 2001). "Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *United States v. Vanover*, No. 2:10-cr-00014, 2017 WL 135628, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)) (internal quotation marks omitted).

"A third-party may assert a legal interest in property forfeited to the United States to adjudicate the validity of the alleged interest in the property." *United States v. Wallace*, No. 5:17-cv-118-KKC, 2021 WL 4138400 at *2 (E.D. Ky. Sept. 10, 2021) (citing 21 U.S.C. § 853(n)(2)). If a third party files a petition asserting an interest in the property to be forfeited, the court is required to conduct ancillary proceedings and can order the parties to conduct discovery. Fed. R. Crim. P. 32.2(c)(1). "When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56." Fed. R. Crim. P. 32.2(c)(1)(B). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, this means that the United States' burden is

6

to demonstrate that no reasonable factfinder could find that the Petitioners have established their legal title to the seized currency by a preponderance of the evidence. 21 U.S.C. § 853(n)(2).

### B.    Petitioner's Objections to the R&R

The first 12 pages of Petitioners' Objections are directly copied and pasted from their Response to the United States' Motion for Summary Judgment.  (*Compare* Docs. # 96 at 1–13 *with* 112 at 1–13).  As has been already explained, an "objection that does nothing more than . . . simply summarize[] what has been presented before, is not an objection as that term is used in this context."  *Vanover*, 2017 WL 135628, at *1 (quoting *VanDiver*, 304 F. Supp. 2d at 938).  Accordingly, to the extent that the copied and pasted portions can be considered "objections," they are **overruled**.

Petitioners argue that Judge Smith erroneously "ignored" the fact that the Clover records showed $98,906.43 of undeposited cash sale proceeds, and instead relied on Tameka's 2020 and 2021 tax returns, which Petitioners' claim are "totally irrelevant." (Doc. # 112 at 13–14).  Petitioners argue that Judge Smith "chose to ignore this calculation produced from Petitioner[s]' financial records, even though the Clover records are the best evidence of the gross receipts for the restaurant, as opposed to Tameka Burnett's individual tax returns."  (*Id.* at 14).

Petitioners' objections are unpersuasive.  Judge Smith did not "ignore" the Clover records.  (Doc. # 111 at 17).  Judge Smith specifically acknowledged that they demonstrated that $98,906.43 in cash sales were undeposited. (*Id.*).  However, she also noted that all of that money could not have been saved, because based on Tameka's statements, that cash was also used to buy supplies and inventory for the restaurant.

7

(*Id.*).  Moreover, Tameka's tax records are not irrelevant, they are additional evidence—along with the Clover records and the surrounding facts and circumstances—that Petitioners could not have retained over $100,000 cash while simultaneously reporting only $7,323.00 in profit in 2020 and $23,283.00 in losses in 2021.  (*Id.*).

Petitioners also appear to disagree with Judge Smith's calculations, arguing that their own calculations demonstrate that Burnett's Soul Food had $100,674.05 of undeposited cash proceeds when the funds were seized.  (*Id.* citing Doc. # 96-12).  Judge Smith already rejected Petitioner's "somewhat complicated and confusing" calculations.  (Doc. # 111 at 15–16).  Judge Smith concluded that she did not need to delve into Petitioners' calculations "because the numbers are straight forward."  (*Id.* at 16).  "A mere disagreement with the Magistrate Judge's conclusion is not an objection as required by the Federal Rules of Criminal Procedure."  *United States v. Evans*, No. 13-cr-22-DLB-1, 2019 WL 1077371 at *4 (citing *Vanover*, 2017 WL 1356328, at *1).  Even if the Court were to construe Petitioner's disagreement as a proper objection, it would still be overruled.  Petitioners' calculations do not take into account the food and inventory purchases which Tameka stated were paid for in cash.  (*Id.* at 117).  Additionally, these calculations contradict the tax returns which show an overall loss for 2020 and 2021, and they run contrary to the facts and circumstances under which the funds were seized. Based on Tameka's tax returns, Petitioners' Clover records, and the facts and circumstances surrounding the seized cash, Judge Smith concluded that no reasonable jury could find that Petitioners established legal title to the money found in Defendant's residence.  (*Id.* at 27).  The Court agrees with and **adopts** Judge Smith's conclusion.

IV. **CONCLUSION**

For the above stated reasons, **IT IS ORDERED** as follows:

(1) The November 4, 2024, Report and Recommendation of Magistrate Judge Candace J. Smith (Doc. #111) is **ADOPTED as the opinion of the Court;**

(2) Petitioners' Objections to the Report and Recommendation (Doc. # 112) are **OVERRULED**; and

(3) The United States' Motion for Summary Judgment is **GRANTED**.

This 15th day of April 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Covington Criminal\2022\22-12 Order Adopting R&R.Docx